FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA** 2022 JUN 27  AM 8: 41
**JACKSONVILLE DIVISION**

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

| | | |
|---|---|---|
| **JAMES H. OSEI-BONSU,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | |
| | § | NO. 3:22-cv-706-BJD-PDB |
| **MARINE TRANSPORT** | § | **IN ADMIRALTY (Rule 9(h))** |
| **MANAGEMENT, INC.,** | § | |
| **HAPAG-LLOYD USA, LLC and** | § | |
| **PHILADELPHIA EXPRESS TRUST,** | § | |
| | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, **JAMES H. OSEI-BONSU**, hereinafter referred to as Plaintiff,

complaining of **MARINE TRANSPORT MANAGEMENT, INC., HAPAG-**

**LLOYD USA, LLC** and **PHILADELPHIA EXPRESS TRUST**, hereinafter

sometimes jointly referred to as Defendants, and for causes of action would

respectfully show unto the Court as follows:

**1.**

Plaintiff, **JAMES H. OSEI-BONSU**, a citizen of the United States domiciled

in Houston, Texas, brings this cause of action pursuant to 28 U.S.C. § 1333(1); the

Jones Act, 46 U.S.C. App. §30104; the Federal Employers' Liability Act (FELA)

(which is incorporated in the Jones Act); and the General Maritime Law of the United States.

**2.**

This is an admiralty or maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**3.**

Venue is proper inasmuch as Defendant, **MARINE TRANSPORT MANAGEMENT, INC.**, maintains its principal place of business in and does business in the Middle District of Florida, Jacksonville Division.

**4.**

Defendant, **MARINE TRANSPORT MANAGEMENT, INC.**, is a Delaware corporation which maintains its principal place of business in Jacksonville, Florida. This Defendant may be served with process by serving its officer, Robert B. Grune, 9487 Regency Square Blvd, Jacksonville, FL 32225.

**5.**

Defendant, **HAPAG-LLOYD USA, LLC**, is a Delaware limited liability company. This Defendant may be served with process by serving its registered agent, C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

**6.**

Defendant, **PHILADELPHIA EXPRESS TRUST**, is a Delaware trust. This Defendant may be served with process by serving its trustee and beneficiary, **HAPAG-LLOYD USA, LLC,** through its registered agent, C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

**7.**

On or about June 27, 2019, Plaintiff received serious and disabling injuries to his leg, knee, foot and body generally while acting in the course and scope of his employment as a seaman with Defendant, **MARINE TRANSPORT MANAGEMENT, INC.** onboard the vessel **M/V PHILADELPHIA EXPRESS**, which was owned, managed and/or crewed by Defendants. The injuries occurred while the vessel was on the high seas between Europe and the United States. Plaintiff was ordered to report to the vessel's bridge. While on his way to the bridge, the vessel rolled violently, Plaintiff's foot shifted on a stairway step and his leg and knee twisted and were injured. At the time of the injury, the vessel was experiencing high winds and seas.

**8.**

The injuries which Plaintiff received and herein complains of were caused by and resulted through the negligence of Defendant, **MARINE TRANSPORT MANAGEMENT, INC.**, its master, agents, servants and employees and/or were proximately caused by the unseaworthiness of the vessel. At all times material hereto Plaintiff was a member of the crew of the vessel and received his injuries while serving as a seaman onboard the vessel.

**9.**

Plaintiff would show that Defendant, **MARINE TRANSPORT MANAGEMENT, INC.** was negligent in:

a.   Failing to properly maintain and/or inspect the stairway;

b.   Failing to maintain a proper non-skid surface on the stairway step;

c.   Failing to limit movements of the crew, including Mr. Osei-Bonsu, during high wind and wave conditions;

d.   Ordering Plaintiff to report to the bridge during high wind and wave conditions;

e.   Failing to provide a safe place to work; and

f.   Other instances of negligence which may become apparent after

-4-

further discovery.

## 10.

Plaintiff would show that vessel was unseaworthy in one of more of the following:

    a.    The stairway step lacked a proper non-skid surface; and

    b.    Other instances of unseaworthiness which may become apparent after further discovery.

## 11.

Plaintiff would show that by reason of the occurrence made the basis of this suit, he suffered serious injuries. As a result of said injuries, Plaintiff suffered a loss of earnings in the past. In addition, Plaintiff suffered physical pain and mental anguish in the past. Furthermore, Plaintiff was afflicted with physical impairment in the past as a result of the injuries sustained. Plaintiff also suffered loss of enjoyment of life as a result of the injuries incurred. Plaintiff was also forced to incur expenses for medical and hospital care as a direct result of the injuries complained of herein.

**12.**

Plaintiff was further entitled to maintenance and cure until such time as he reached maximum medical cure.

**13.**

Plaintiff is also entitled to pre-judgment interest as allowed by law.

WHEREFORE, Plaintiff prays that process be issued and served upon Defendants in the form and manner prescribed by law, requiring Defendants to appear and answer herein, and that upon final trial hereof, Plaintiff have judgment against Defendants, jointly and severally, for all damages heretofore pleaded together with pre-judgment interest thereon, post-judgment interest, all costs of court, and for such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

James H. Osei-Bonsu
11222 Braes Ridge, #3503
Houston, Texas 77071
281-630-5433
osei_joe@yahoo.com

DATED:    June 26, 2022

-6-

BY: _____

   Paul R. Miller
   (Special Admission Motion Filed)
   Attorney at Law
   4265 San Felipe, Suite 1100
   Houston, Texas 77027
   (281) 334-0839
   (281) 334-0873 (fax)
   pmiller@me.com
LEAD COUNSEL FOR PLAINTIFF


DATED:     June 26, 2022